IN THE MATTER OF LAVERNE V. HARRIS, RESPONDENT.

No. 13420.
Aug. 8, 1978.
582 P.2d 357.

## ORDER

In 1974, 1975, and 1976, there was widespread newspaper and television publicity concerning Grand Jury investigations concerning alleged improprieties in the operation of the Workmen's Compensation Division of the State of Montana which could have involved professional misconduct with respect to respondent. The Commission on Practice, with a concurrence of this Court, appointed counsel to investigate the matter and report back to the Commission. Upon consideration of the report, the Commission caused a formal complaint to be filed against alleging violation of the Canons of Professional Ethics during the period of time between August 1, 1970 through June 30, 1973 with the respect of the relationship of the respondent with one James J. Carden. This complaint was served on the respondent and was subsequently heard on October 4, 1976, before five members of the Commission on Practice, members Milton Anderson, John Weaver and Cale Crowley deeming themselves disqualified. Oral and documentary evidence was presented in support of the complaint and oral and documentary evidence was submitted by counsel for respondent in his defense.

Following conclusion of the hearing, the Commission on Practice caused to be made its report, findings of fact and recommendations with respect to the matter, all as more fully set forth in the Commission's report, findings of fact and recommendations on file

herein. In summary, the Commission found that the conduct of the respondent and his relationship with James J. Carden was a clean-cut violation of the Canons of Professional Ethics. The Commission on Practice recommended to the Court that respondent be publicly censured; the respondent be notified that if any breach of the Canons of Professional Ethics should take place in the future, that the records in this proceeding would be fully considered in determining the nature and extent of the punishment resulting from any future violation.

The Commission's report, findings of fact and recommendations were dated November 12, 1976, and signed by all members of the Commission.

The Commission's report, findings of fact and recommendations were duly transmitted to this Court for its consideration. Subsequently the Commission requested that this Court take no action on the same until conclusion of pending legal proceedings against respondent.

Thereafter, at a meeting of the Commission on June 9, 10, and 11, 1977, the Commission reconsidered its recommendation and changed the same to recommend private censure rather than public censure.

Following the conclusion of legal proceedings against respondent, this Court again considered the report, findings of fact and recommendations.

After full consideration of the files and records in this cause, IT IS ORDERED AND ADJUDGED:

1. That the conduct of respondent and his relationship with James J. Carden constituted a violation of the Canons of Professional Ethics and the findings of the Commission on Practice with respect thereto are in all respects affirmed and approved.

2. The original recommendation of the Commission regarding disciplinary action to be taken against respondent dated November 12, 1976, is approved and affirmed and the subsequent change in recommendation to private censure is expressly disapproved.

3. This cause is remanded to the Commission on Practice for ex-

498

ecution of this order·of public censure to be administered by the Commission on Practice in the Courtroom of this Court at the State Capitol at Helena, Montana, within 30 days of the date hereof at a time to be fixed by the Commission.

4. The Clerk is directed to mail a true copy of this order to the respondent personally, his counsel, and to the Chairman and Secretary of the Commission on Practice, and to counsel for the Commission.

MR. CHIEF JUSTICE HASWELL, JUSTICE SHEA and L. C. GULBRANDSON, sitting for Justice Sheehy, and R. D. McPHILLIPS, District Judges, sitting for Justice HARRISON, concur.

MR. JUSTICES HARRISON and SHEEHY deeming themselves disqualified, took no part in this proceeding.